UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LIFETIME FITNESS, INC., | Civil No. 12-740 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| BRIAN WALLACE *also known as* BRIAN BATH, | |
| Defendant. | |

V. John Ella and Sarah M. Fleegel, **JACKSON LEWIS LLP**, 225 South Sixth Street, Suite 3850, Minneapolis, MN 55402, for plaintiff.

Brian Wallace, 9227 E. Lincoln Avenue, Lonetree, CO, *pro se* defendant.

Defendant Brian Wallace worked briefly as a personal trainer for plaintiff Life Time Fitness ("LTF") in January and February of 2012. When Wallace resigned, he took member files and contact information with him, and he is now employed by Prestige Fitness, a direct competitor of LTF, less than two miles from the LTF location where he worked. LTF filed its complaint on March 23, 2012, alleging breach of a confidentiality and non-compete agreement, misappropriation of trade secrets, conversion, breach of the duty of loyalty, and unfair competition.

On March 26, LTF filed a motion for a temporary restraining order and for expedited discovery. On April 3, Wallace filed a motion to dismiss for lack of jurisdiction. On April 10, the Court held a hearing on both these motions. Because LTF seeks injunctive relief extending until the conclusion of this lawsuit, the Court will

convert LTF's motion for a temporary restraining order to a motion for preliminary injunction. The Court will grant LTF's motion for a preliminary injunction and for expedited discovery. The Court will deny Wallace's motion to dismiss or transfer venue because Wallace submitted to this Court's jurisdiction by signing a forum selection clause and he has not demonstrated that another forum would be significantly more convenient.

## BACKGROUND

Wallace began working as a personal trainer for LTF on January 14, 2012.[1] (Compl. ¶ 8, March 23, 2012, Docket No. 1.) Prior to beginning work, Wallace signed a confidentiality and non-compete agreement protecting LTF (the "Agreement"). (*Id.* ¶ 10.) By March 1, Wallace had resigned from LTF and had taken member files and contact information with him. (*Id.* ¶¶ 25-26.) Prestige Fitness, a direct competitor of LTF, now employs Wallace less than two miles from the LTF location where he worked. (*Id.* ¶¶ 32-33.) Wallace is responsible for at least one member of LTF cancelling her contract for personal training with LTF. (*Id.* ¶ 31.) LTF believes Wallace is continuing to contact and solicit LTF members for business. (*Id.* ¶ 30.)

The Agreement defined "confidential business and proprietary information" as "personal information" about client/customers and the identities of "members/clients/customers/employees/vendors." (*Id.* ¶ 11 & Ex. 1 at 2.) The

---

[1] While Wallace was working for LTF, he refused to pay taxes or to allow LTF to garner his wages for child support. (Compl. ¶¶ 19-20.) After a few weeks, he informed LTF that he had changed his name from "Brian Wallace" to "Brian Bath." (*Id.* ¶ 19.)

Agreement contained a non-disclosure clause (*Id.* ¶ 12 & Ex. 1 at 3) and a provision requiring the return of all documents (*Id.* ¶ 14 & Ex. 1 at 4). It also contained non-compete covenants preventing an employee from soliciting the business of LTF customers or employees for twelve months or working for a competing business (within five miles of any place of business owned by LTF) for nine months. (*Id.* ¶¶ 12-13 & Ex. 1 at 2, 4.) The Agreement's forum selection clause states: "In the event that court proceedings are necessary, both parties agree that venue shall be proper in the state and federal courts of Minnesota." (*Id.* ¶ 16 & Ex. 1 at 5.)

## ANALYSIS

**I.    LTF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. Because Wallace has had an opportunity to respond and because LTF seeks injunctive relief extending until the conclusion of this lawsuit, the Court will consider LTF's motion as one requesting a preliminary injunction under Rule 65(b) rather than a temporary restraining order under Rule 65(a). *See Four Season Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 n.3 ("The district court may convert a hearing for a temporary restraining order into a hearing for a preliminary injunction as long as the adverse party had notice of the hearing."); *Jihad v. Fabian*, 680 F. Supp. 2d 1021, 1030 (D. Minn. 2010).

A. **Standard of Review**

The Court must consider four primary factors in determining whether a preliminary injunction should be granted under Rule 65(b): (1) the threat of irreparable harm to the moving party; (2) the likelihood of the moving party's success on the merits; (3) the state of balance between the alleged irreparable harm and the harm that granting the injunction would inflict on the other party; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). This analysis was designed to determine whether the Court should intervene to preserve the status quo until it determines the merits of the case. *Id.*

B. **The Dataphase Factors**

1. **Threat of Irreparable Harm**

LTF contends that Wallace is causing LTF irreparable harm. Irreparable harm can be inferred from an employee's breach of the restrictive covenant in an employment agreement. *Twin City Catering, Inc. v. Lafond*, 2001 WL 1335685, at *2 (Minn. Ct. App. Oct. 30, 2001) ("Irreparable injury can be inferred from the breach of a restrictive covenant if the former employee came into contact with the employer's customers in a way which obtains a personal hold on the good will of the business."); *see also Thermorama, Inc. v. Buckwold*, 125 N.W.2d 844, 845 (Minn. 1964). The Court finds that LTF is threatened with irreparable harm because Wallace is trading on good will established while working at LTF by contacting his former trainees, and he has personal influence over LTF's customers resulting from the personal trainer relationship. *See*

*Rosewood Mortg. Corp. v. Hefty*, 383 N.W.2d 456, 459 (Minn. Ct. App. 1986). Indeed, Wallace has used the contacts made while at LTF to cause at least one customer to cancel her contract. The Court finds that this factor weighs in favor of granting an injunction.

### 2.     LTF's Likelihood of Success on the Merits

LTF need only demonstrate that it is likely to succeed on one claim in order to establish a likelihood of success on the merits. *See United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 742-43 (8th Cir. 2002). LTF asserts claims for breach of contract, misappropriation of trade secrets, conversion, breach of the duty of loyalty, and unfair competition. At a minimum, the Court finds that LTF is likely to prevail on its breach of contract claim.

Although disfavored, Courts enforce noncompete agreements when they are reasonable under all the circumstances.[2] *See Prow v. Medtronic, Inc.,* 770 F.2d 117, 120 (8th Cir. 1985) (interpreting Minnesota law). To determine the reasonableness of a noncompete agreement, the court considers: (1) whether the restraint is necessary for the protection of the business or goodwill of the employer, (2) whether the restraint is greater than necessary to adequately protect the employer's legitimate interests, (3) how long the restriction lasts, and (4) the geographic scope of the restriction. *Id.* (citing *Bennett v. Storz Broad. Co.*, 134 N.W.2d 892, 899 (1965)).

---

[2] Consideration for the Agreement does not appear to be an issue. *See Overholt Crop Ins. Serv. Co.,* 437 N.W.2d at 702 (explaining that "no independent consideration is necessary" to support a noncompete agreement when entered into at inception of employment).

In this case, restraint is necessary to protect LTF's "goodwill, trade secrets, and confidential information." *Medtronic, Inc. v. Advanced Bionics Corp.,* 630 N.W.2d 438, 4556 (Minn. Ct. App. 2001) (citation omitted). Further, the covenant is narrow in its geographic scope and length of time. *See, e.g.*, *Boston Scientific Corp. v. Duberg*, 754 F. Supp. 2d 1033, 1039 (D. Minn. 2010) (citation omitted) (noting that one-year restrictions are "consistently found" to be reasonable); *Overholt Crop Ins. Serv. Co. v. Bredeson*, 437 N.W.2d 698, 703 (Minn. Ct. App. 1989) (upholding a geographic restriction that was limited to area necessary to protect former employer). *See also Life Time Fitness, Inc. v. DeCelles*, No. 12-420, 2012 WL 639453, at *4 (D. Minn. Feb. 28, 2012).[3] Because the covenant is reasonable, the Court concludes that LTF is likely to succeed in its breach of contract claim. This factor weighs in favor of LTF.

### 3. Balance of Harms

If the Court grants the preliminary injunction, Wallace will be required to resign his position at Prestige Fitness. If the Court denies the preliminary injunction, LTF asserts it will continue to suffer financial harm, loss of members, and irreparable harm to

---

[3] In this remarkably similar case, DeCelles, a personal trainer for LTF signed an identical agreement. *See Life Time Fitness, Inc.*, 2012 WL 639453, at *1. When DeCelles quit working for LTF, he took client files with him, and he began working at a competing facility approximately three miles from the LTF location where he had been employed. *Id.* at *2. Several LTF members that DeCelles had trained subsequently terminated their LTF memberships. *Id.* The Court found that LTF was likely to succeed on its breach of contract claim. *Id.* at *4.

its goodwill and reputation. Because it seems unlikely that Wallace will be prevented from making a living,[4] the Court finds that the balance of harms favors LTF.

### 4. Public Interest

The public interest does not strongly favor either party. Public interest supports both upholding contracts and unrestrained competition. *See id.* Because Wallace is competing with LTF in violation of a contract, the Court finds the public interest factor slightly favors LTF.

Based on its consideration of all four *Dataphase* factors, the Court concludes that a preliminary injunction is warranted. The Court will grant as unopposed LTF's motion for expedited discovery.

## II. WALLACE'S MOTION TO DISMISS

Wallace's motion caption states that he is making a motion to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1). His arguments, however, support a motion to dismiss for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2); a motion to dismiss under the doctrine of forum non conveniens; and a motion to transfer venue, 28 U.S.C. § 1404(a).

---

[4] There are only four LTF facilities in Colorado (Pl.'s Mem. Supp. TRO at 15); presumably Wallace will be able to work as a personal trainer further than five miles from one of them for nine months.

### A.     Motion to Dismiss for Lack of Personal Jurisdiction

Wallace argues that this Court lacks personal jurisdiction because all of the relevant events occurred in Colorado. "Because Minnesota's long-arm statute is 'coextensive with the limits of due process,' the only question is whether the exercise of personal jurisdiction comports with due process." *CBS Interactive Inc. v. Nat. Football League Players Ass'n, Inc.,* 259 F.R.D. 398, 404 (D. Minn. 2009) (quoting *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus., Inc.,* 63 F.3d 694, 697 (8th Cir. 1995)); *see also* Minn. Stat. § 543.19. "Due process requires 'minimum contacts' between the non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980)). "Due process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid . . . ." *M.B. Rests. Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citation omitted).

Here, Wallace signed an Agreement containing a forum selection clause, and he does not argue that the forum selection clause is improper. *See Life Time Fitness*, 2012 WL 639453, at *2 (finding similar clause permitted a Minnesota court to exercise personal jurisdiction). In light of the Agreement, the Court concludes that Wallace submitted to personal jurisdiction in Minnesota.

### B.     Forum Non Conveniens

Wallace argues that this Court should dismiss this case under the doctrine of forum non conveniens; the Court will instead perform a venue analysis.  "The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction and dismiss a case where that case would more appropriately be brought in a foreign jurisdiction."  *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597 (8th Cir. 2011).  To the extent that there is an alternative federal forum, however, a district court lacks the power of dismissal because "with its enactment in 1948, [28 U.S.C.] § 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible."  *Bacon v. Liberty Mut. Ins. Co.*, 575 F.3d 781, 783 (8th Cir. 2009) (internal quotation marks omitted).  Thus, the Court will address whether transfer of venue is appropriate.

### C.     Motion to Transfer Venue

Wallace seeks an order transferring venue to Colorado.  The factors enumerated in § 1404(a) guide the Court's analysis in determining whether to transfer venue: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  *Travel Tags, Inc. v. UV Color, Inc.,* 690 F. Supp. 2d 785, 792 (D. Minn. 2010) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 691 (8th Cir. 1997)).  It is the moving party's burden to show that the balance of all relevant factors "strongly favors transfer."  *Id.* at 792 (internal quotation marks omitted); *see also Austin v. Nestle USA, Inc.,* 677 F. Supp. 2d 1134, 1137 (D. Minn. 2009) ("A heavy burden rests with the

movant to demonstrate why a case should be transferred.") (internal quotation marks omitted).

The first two factors, convenience of the parties and the convenience of witnesses, are neutral in this case. Minnesota is more convenient for LTF; Colorado is more convenient for Wallace. The third factor, interests of justice, does not favor transfer because Wallace agreed to be sued in Minnesota when he signed the forum selection-containing Agreement. Because no factor favors transfer, the Court will deny Wallace's motion to change venue.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Life Time Fitness' Motion for a temporary restraining order is converted to a motion for preliminary injunction.

2. Life Time Fitness' Motion for Temporary Restraining Order and Expedited Discovery [Docket No. 2] is **GRANTED.**

3. In accordance with Rule 65(c) of the Federal Rules of Civil Procedure, the preliminary injunction shall become effective upon Life Time Fitness, Inc. posting a bond with the Clerk of Court in the amount of One Thousand Dollars ($1,000.00).

4. The preliminary injunction shall be effective upon the posting of the bond and shall remain in effect until a trial on the merits of this case or until further order of this Court.

     5.     Brian Wallace's Motion to Dismiss for Lack of Subject Matter Jurisdiction

[Docket No. 21] is **DENIED.**

DATED: April 30, 2012                            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                             United States District Judge